mitted him to be sworn and examined, to prove payment by the defendant; and said they would hear a motion for a new trial if the verdict should be for the defendant.

Verdict for the plaintiff, $50, with interest from the 25th of March, 1835.

Judgment for the plaintiff.

---

## Case No. 9,245.

### MASON v. MASON.

[3 Cranch. C. C. 648.] [1]

Circuit Court, District of Columbia. Nov. Term, 1829.

BILLS AND NOTES—INDORSER—SUIT AGAINST PRIOR INDORSER.

The plaintiff indorsed a note (as town indorser,) already indorsed by two others, for the accommodation of the maker, and at maturity was obliged to take it up. *Held*, that he may recover of the first indorser the whole amount paid to take up the note.

Assumpsit by the last indorser against the first indorser of a promissory note made by Thompson F. Mason, payable to and indorsed by the defendant, Richard B. Mason, and by H. Ashton. The note was offered for discount, but the bank required a town indorser, and the plaintiff, who resided in Alexandria, indorsed it. It was then discounted for the benefit of the maker, and, at maturity, paid by the plaintiff.

The defendant contended, that as he and Mr. Ashton indorsed it for the accommodation of the maker, he was only liable for one half; but

THE COURT (nem. con.), at the prayer of the plaintiff, instructed the jury that the defendant was liable for the whole amount paid by the plaintiff to take up the note.

THRUSTON and MORSELL, Circuit Judges, were of opinion that this case differs from that of McDonald and Magruder at Washington, in this particular, that here the plaintiff was not originally one of the indorsers before the note was offered for discount.

CRANCH, Chief Judge, did not think that that circumstance was material, because he was of opinion that the prior indorser was liable to the subsequent, for the whole, unless there be an agreement to the contrary.

[See Case No. 9,246.]

---

## Case No. 9,246.

### MASON v. MASON.

[4 Cranch, C. C. 401.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

NOTES—INDORSER—SUIT AGAINST PRIOR INDORSER.

An indorser, who has been obliged to take up a note indorsed by two previous indorsers, for the accommodation of the maker, may recover the whole amount from either of the two accommodation indorsers.

[Action by Thompson F. Mason against Richard B. Mason.]

The plaintiff indorsed a note, (as town indorser,) already indorsed by two others, for the accommodation of the maker; and at maturity was obliged to take it up.

THE COURT held, that the plaintiff may recover of the first indorser the whole amount paid to take up the note.

[See Case No. 9,245.]

---

MASON (MATILDA v.). See Case No. 9.280.

MASON (MAURY v.). See Case No. 9,314.

---

## Case No. 9,247.

### MASON v. MUNCASTER et al.

[2 Cranch, C. C. 274.] [1]

Circuit Court, District of Columbia. Nov. Term, 1821. [2]

RELIGIOUS SOCIETIES—VESTRY AND CHURCH WARDENS—SALE UNDER DECREE—ESTOPPEL.

1. The vestry and wardens of "the Protestant Episcopal Church of Alexandria," were the vestry of the Protestant Episcopal Church in the parish of Fairfax, in the ecclesiastical meaning of those terms as modified by the laws and constitution of Virginia, and the canons of the church.

2. By the sale made under the decree in the case of Taylor v. Terrett [9 Cranch (13 U. S.) 43] the purchasers became privies to the church, and may avail themselves of the estoppel resulting from the warranty of Daniel Jennings, the original grantor.

This was a bill in equity [by John Mason against John Muncaster and others,] praying for an injunction to stay the proceedings at law upon judgments rendered upon two promissory notes given for part of the purchase-money of the glebe, belonging to the parish of Fairfax, which had been purchased by the complainant and Mr. Jones, at the sale made under the decree of this court, affirmed by the supreme court of the United States, in the case of Taylor v. Terrett, 9 Cranch [13 U. S.] 43, and praying, also, that the sale may be set aside for defect of title; that the notes may be given up to be cancelled, and that the part of the purchase money which had been paid, may be decreed to be refunded, &c.

The complainant in his bill states, that he purchased upon the faith of the decree of the supreme court, which he supposed to be binding upon all the world. That the opinion of that court was not printed till 1817, and that it is but very recently that his attention was directed to the reasonings in detail, upon which the decree was founded, and which he now perceives was founded upon the assumption of two facts which do not exist, viz.: (1) that the congregation of the Episcopal church of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 9 Wheat. (22 U. S.) 445.]